SIGERSON vs. HORNSBY, et al.

A purchaser of land cannot obtain such possession as will enable him to sustain trespass, by an act of ownership, against the will of an adverse possessor.

## APPEAL from St. Louis Court of Common Pleas.

WHITTLESEY, for appellant.

The points are:

1. What constitutes a possession of land, so as to dissieze all other persons and put them to their action of ejectment?

2. Can the plaintiff in support of his action and possession, show that the defendants have no title, by showing that the title is out of them and in some third person?

3. What title is required to give a right of way? What constitutes a right of way for one over the land of another?

4. Were the acts committed by the defendants trespasses, or not, or was the plaintiff himself the trespasser?

I. The plain iff took possession by an entry upon the land under a claim of title, by enclosing, by using it as a pasture, by tearing down the crib, by running his fence over the fenc: surrounding the stable, by notifying the defendants to remove their cattle and horses, and by all the acts of ownership and user that could show a claim and right to the land, adverse to all the world. It was an actual, continued, visible, notorious, distinct and hostile claim and possession. Nepear vs. Doe, 2 Smith's S. cases, Am. notes, p. 469. It was such a possession, as to be adverse to the legal owner of the land, (if the plaintiff be not himself the owner) and to commence an adverse possession, that by the lapse of twenty years would bar the whole world, except those under whom he might claim as tenant. See cases cited in the notes of case above cited.

The previous possession of the defendant would not have maintained an ejectment against the plaintiff, had the plaintiff himself been a wrong doer.  Doe ex'r. Crisp vs. Barber, 2 T. R., 749.

The actual taking possession by the plaintiff, dissiezed all the world, and the defendants had they owned the land could not be sued in trespass, for the freehold was in the dissiezen. Small vs. Proctor, 15 Mass. R. 495; Bigelow vs. Jones, 10 Pick. R., 161,164; Clapp vs. Browahm, 9 Cow. R., 553; Tellen vs. Burtes, 6 Johns. R., 197; Doe vs. Thompson, 5 Cow. R., 371.  Dissiezin by making a fence, &c., Poignard vs. Smith, 6 Pick. R., 172; simple entry and exclusive possession, Small vs. Proctor. 15 Mass. R , 495.  It was such a dissiezin or dispossession as put the other party to his writ of ejectment, if, he had title, although it would not bar a legal title or prior claim, for want of the lapse of time sufficient to constitute a bar. Slatter vs. Rawson, 6 Met. R., 439, 443; Ewing vs Burnett, 11 Pet. R.,71.

If the above positions are correctly taken, the court below erred in refusing the first instruction asked by the plaintiff, and in giving the 4, 6, 10 and 11th instructions.  The 4, 6, 10 11th instructions, the court erred in leaving matters of law to the jury, for the case turned upon the question, which party was in possession, plaintiff or defendants, and the question, what constitutes possession being a mixed question of law and fact, the court should have given plaintiff's first instruction to the jury, which left the facts to the jury, and declared the law arising thereform.  Clapp vs. Browahm, 9 Cow. R , 530; 2 Smith S. C. Am. notes, 473; Doe vs. Nepear; here the case was what did constitute a possession in the plaintiff.

II.  The plaintiff may show in rebuttal of defendants' claim to possession and title, that the defendants had no title.  If the plaintiff was in possession, and the defendants had not the legal title, then they were trespassers, for possession is good against all the world but the legal owner.  The plaintiff claimed under the inhabitants of Carondelet, and showed a confirmation and title from the U. S. to them, and the defendants showed no title, except a previous possession of part of the land and claim, while the plaintiff, to rebut the defendants' case showed title in the inhabitants of Carondelet, under whom he claimed.  A confirmation and survey by U. S. are equivalent to a patent.  See Bois vs. Bramwell, 4 Hew. R , 449, Harrold vs. Simonds & Bailey, 9 Mo R., 326,330; Page vs. Schubel, 11 Mo R., 182.  The survey was good evidence of the extent of the commons, and was admitted without exception, Jourden vs. Burnett, 4 How. R. 169.

The plaintiff then, having shown a title to the land under the U. S. in the inhabitants of Carondelet, and that the land in controversy were within the claim, and the survey offered in evidence, it completely rebutted the presumption of title, if any there was, in the defendants or those under whose license they claimed; for the defendants and Dent denied that the lands were commons, so that the plaintiffs showed themselves in possession, and that was good against all but the legal owners of the land.  The court erred thereupon in refusing plaintiffs' second nstruction.

There was manifest error in the 4th instruction given by the court.  As all the lands were within the enclosure of the plaintiff and used by him as a pasture, about the only way in which the land could be used, the defendants, if they claimed possession, could only have possession of what was in their actual occupation, to-wit: the crib and the yard around it, allowing that they were in the actual occupation of any thing.  Cottle vs. Seganer, 10 Mo. Rep., 763, 770.

III.  The next point arises upon the 3rd instruction.  What constitutes a right of way? and what title is required to show it.  This instruction is manifestly erroneous, as it confines the defendants to no definite or particular line, but gives them the right to go over the pl'ff's ine in any direction, whenever and how they please.  It declares that if defendants were in possession of lots 5 and 6, and that they had no access to it, but through the plaintiff's enclosure, the defendants had a right to open said enclosure and pass to their lots.

This instruction then declares that the defendants have a right of way by necessity; it is therefore wrong.  Simple necessity does not give the easement of the right of way, a private wrong we should say.

This easement can exist, to speak strictly, only by grant. That one man should have the right to pass over his neighbor's land, to get at his own, can only be true when he can show either an express or an implied grant. Maupin vs. Gran, 6 Mo. R., 631; 3 Kent 419, Taylor vs. Whitehead, Deng. R., 745; 2 Bl. Com. 35, notes 28. An express grant is not claimed in this case. Prescription, custom, necessity and express reservation are all cases of implied grants, as laid down by Blk. and Kent.

The instruction declares a way by necessity. To show this, the defendants should also show, that they claim under the plaintiff or those under whom he claims, or under those having the legal title, and that has not been done in this case. They must show authority in some manner, from some one who had the right to make a grant. 2 Blk. Com. 35 n. 28.

The instruction is also erroneous, in this, that it declared that the defendants had the right of passing over any portion of the plaintiff's land, and of entering plaintiff's enclosure at any place he pleased. A right of way, *ex vi termini*, imports a right of passing in a particular line, and not the right to vary it at pleasure, and go in different directions. 3 Kent, 419; Jones vs. Percival 5 Pick. Rep., 485; Taylor vs. Whitehead, Dorey. Rep., 745; 4 Kent, 424.

IV. The acts of the defendants were trespasses, and the jury found a verdict against the evidence, and against the instructions of the court. The jury were instructed, that if the defendants' cattle and horses pastured upon parts of lots 5 and 6, not in the Boli claim, they must find for the plaintiff. One of plaintiff's witness, Armstrong, testified that he had seen the defendants' cattle and horses on lots 5 and 6, and outside the Boli claim and in the gores made by the lines of the Boli claim. This witness stood uncontradicted, and the verdict of the jury was against that instruction, and therefore against law.

The facts of the case, showed an entry by the plaintiff under a claim of right, an enclosure and user, and these acts, constituting a possession in the plaintiff, the defendants were therefore gui ty of trespass in entering upon the plaintiff's close, tearing down the fences.

The court below, therefore, having erred in refusing the instructions asked by the plaintiff in those given by the court, and refusing to set aside the verdict and grant a new trial, its judgment should be reversed, and the cause remanded.

POLK, for appellees.

I. In trespass, *quare clausum fregit*, it is necessary for the plaintiff in order to recover, to prove himself in possession of the premises. 1 Chit. Pl.201, 202; 2 Stark. Ev., 303; 1 East, R. 244; 4 Taunt , 547; 2 Stark. Ev., 303.

II. If one person have the possession of a piece of land, another person cannot divest him thereof, by enclosing the same by a large enclosure, not upon any part of his close. Adam's ejectment, 54 side page.

III. The actual possession of a part of a tract of land under a claim of title to the whole, is possession of the whole tract. 7 Mo. R., 166; 10 Pet. 442, Ellicott vs. Pearl, and authorities there cited; Adams on eject. n. 2, p. 54-5, and authorities there cited; session acts, 1847, p. 95, § 5.

IV. The plaintiff's 2nd instruction takes it for granted that plaintiff had the possession of the premises in question, whereas, that was a question to be determined by the jury upon the evidence before them.

The defendants denied the plaintiff's possession, and based their defence on the ground that they themselves had the possession.

V. If a man owns a tract of land surrounded by the lands of another, he may cross over the land of the latter in passing to and from his own land. Snyder vs. Warford, et al., 12 Mo R., 513, and authorities there cited.

NAPTON, J., delivered the opinion of the court.

The only question of law, which seems of any importance in this case was as to what constituted an actual possession of land, for the purpose of maintaining an action of trespass.

The defendants were tenants under one Dent of two small lots in the neighborhood of Carondelet upon which there was a stable and corncrib. Dent claimed these lots and other land contiguous thereto under a Spanish claim, called the Boli claim, and had been in possession of the *locus in quo* since 1838, by himself or tenants. The plaintiffs bought some lots from the town of Carondelet, which embraced the small lot occupied by defendants and a portion of the Boli claim uninclosed. The plaintiffs run a fence entirely round their lot, which of course included the stable, corn-crib, &c., of the defendants, and the defendants to get to and from their enclosure had necessarily to take down this fence of the plaintiff. Supposing the facts to be as stated, the question was, had the plaintiff any *possession* of the small lots upon which the stable, &c., stood?

We think not. An actual possesion cannot be ousted in this way. If it could, it would be a very convenient mode of shifting the onus of proving title, by forcing a person who would be a defendant to assume the character of plaintiff in an action of ejectment.

As to the right of way, spoken of in the instruction, I do not see, that it was material. The plaintiff could not get possession of that part of the lots covered by the Boli claim, in the occupation of another adverse claimant, by simply running a fence across or around it.

Whether Dent's tenants were actually in possession of the lots claimed by him, or had abandoned them before the plaintiffs run their fence, was a question for the jury and was so declared in the instructions given.

Judgment affirmed.